[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10920

Non-Argument Calendar

_____

JOHNNIE LEE JORDAN, JR.,

Plaintiff-Appellant,

*versus*

B OAKES,
Major,
SUSAN DOVE,
Assistant Warden,
KENNY MATELESKA,
Classification Officer,

Defendants-Appellees.

_____

2                    Opinion of the Court                    24-10920

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cv-24730-LC-HTC

_____

Before BRANCH, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Johnnie Jordan, proceeding *pro* se, appeals the *sua sponte* dismissal, with prejudice, of his 42 U.S.C. § 1983 complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  In Jordan's initial complaint, he named several other classification officers as defendants, but when Jordan filed an amended *pro se* complaint, he named only B. Oakes, a Major at Okaloosa Correctional Institution.  In the amended complaint, Jordan alleged that while he was confined at the prison facility, Oakes retaliated against him for filing a 42 U.S.C. §1983 lawsuit, and that Oakes denied him access to the courts.  On appeal, he argues that the district court improperly determined that he failed to state a claim for First Amendment retaliation and denial of access to the courts.  After reviewing the record and reading Jordan's brief,[1] we affirm the district court's order dismissing Jordan's complaint.

**I.**

Section 1915(e) provides that a district court shall dismiss an *in forma pauperis* action or appeal at any time if the court determines

---

[1] The appellee did not file a response brief.

it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  The courts hold *pro se* pleadings to less stringent standards and construe them liberally.  *Id.*

## II.

To survive a 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  A claim is plausible on its face when it contains facts that allow the court to draw reasonable inferences that the defendant is liable for the alleged misconduct.  *Hunt v. Aimco Props. L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).  To avoid dismissal, a plaintiff must allege specific factual bases for his conclusions and claims.  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).  Allegations made "upon information and belief" need not be taken as true when the allegations are conclusory and the plaintiff "has not alleged enough facts to nudge his claim [] across the line from conceivable to plausible."  *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955, 1974 (2007)).

To raise a First Amendment retaliation claim, an inmate must show (1) his speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected protected speech;

and (3) there is a causal connection between the retaliatory action and adverse effect on speech. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). The third requirement asks whether the defendant was "subjectively motivated to discipline" the plaintiff because of his complaints. *Id.* at 1278.

To make a claim arising from a denial of access to courts, an inmate must establish an actual injury by demonstrating his "efforts to pursue a nonfrivolous claim were frustrated or impeded" by the complained of conduct. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). In his complaint, the plaintiff must describe the underlying cause of action in specific enough terms to show that the underlying claim is "arguable" and "nonfrivolous." *Christopher v. Harbury*, 536 U.S. 403, 415-16, 122 S. Ct. 2179, 2187 (2002).

## III.

The record here demonstrates that Jordan's allegations were conclusory and speculative, and that he failed to state a First Amendment retaliation claim. Jordan did not support his claim with any evidence showing that Oakes retaliated because of Jordan's lawsuit. Even if Oakes knew about Jordan's lawsuit, Jordan offered no factual support for his speculation that Oakes conspired with other correctional officers to place another inmate in his cell and falsely claim that Jordan sexually assaulted him, which led to Jordan's confinement. There is nothing in Jordan's complaint alleging that Oakes knew this specific inmate had a history of making false sexual assault accusations or that Oakes knew the inmate would make such a false accusation against Jordan. Thus, based on

Jordan's complaint, the district court properly concluded that the allegations failed to support a First Amendment retaliation claim.

Likewise, the record demonstrates that Jordan failed to state a claim arising from the denial of access to the courts. Jordan merely speculated that Oakes, acting in concert with other correctional officers, discarded the judicial order that allowed him additional time to file his notice of appeal from his state conviction. Even if Oakes did discard the judicial order, Jordan never explained what arguments he would have raised in his post-conviction appeal, if it had been timely. Thus, the district court properly dismissed this claim because Jordan failed to raise a sufficient factual basis plausibly supporting his claim that Oakes's actions impeded Jordan's ability to pursue a nonfrivolous issue in his post-conviction appeal.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing, with prejudice, Jordan's §1983 complaint for failure to state a claim.

**AFFIRMED.**